# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 21-2025V
Filed: February 28, 2024

|  |  |
|---|---|
| STACY DANFORTH,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Master Horner |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA,* for petitioner.
*Mary Novakovic, U.S. Department of Justice, Washington, DC,* for respondent.

## **RULING ON ENTITLEMENT**[1]

On October 15, 2021, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of her October 20, 2018 tetanus, diphtheria, and acellular pertussis ("Tdap") vaccination. Petition at 1-2.

On February 28, 2024, respondent filed his Rule 4(c) report, in which he concedes that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1.

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Specifically, respondent states that:

> [P]etitioner had no history of pain, inflammation, or dysfunction of her left shoulder prior to vaccination; pain occurred within 48 hours after receipt of an intramuscular vaccination; pain was limited to the shoulder in which the vaccine was administered; and no other condition or abnormality has been identified to explain petitioner's shoulder pain.

*Id.* at 6.  Respondent further agrees that "petitioner suffered the residual effects of her condition for more than six months," and "based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Act."  *Id.* at 6-7.

**In view of respondent's position and the evidence of record, I find that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Daniel T. Horner**</u>
Daniel T. Horner
Special Master